```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
COREY EASTWOOD, JESSE HENRY,              )
GAURAV JASHNANI, CHRIS DWYER, and         )
DANIEL DWYER,                             )       COMPLAINT
                                          )
                Plaintiffs,               )
                                          )       JURY TRIAL DEMANDED
      -against-                           )
                                          )       ECF Case
THE CITY OF NEW YORK, CARMINE FIORE,      )
CAPTAIN KAVANAGH, PATRICK QUIGLEY,        )       05 CV 9483
SHAUN GUMBS, and DOES and ROES,           )
                                          )
                Defendants.               )
-------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICES OF CLAIM

6. Plaintiffs EASTWOOD, HENRY and JASHNANI filed Notices of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs are citizens and residents of the United States. Plaintiff EASTWOOD is a resident of Brooklyn, New York. Plaintiff HENRY is a resident of Long Beach, New York. Plaintiff JASHNANI is a resident of Columbia, Missouri. Plaintiffs CHRIS and DANIEL DWYER are residents of Niles, Illinois.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement

and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants FIORE, KAVANAGH, QUIGLEY, GUMBS, DOES and ROES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

10.     On August 31, 2004, during the Republican National Convention, at approximately 10:00 to 10:30 p.m., plaintiffs EASTWOOD, HENRY, and JASHNANI were participating in a peaceful protest by walking from the vicinity of Times Square to the vicinity of 49th and Broadway, New York, New York. Plaintiffs used the sidewalks and crosswalks.

11.     Plaintiffs CHRIS and DANIEL DWYER had come to New York City to observe and videotape activities related to the Republican National Convention. They were also in the vicinity of 49th and Broadway at approximately 10:00 to 10:30 p.m. on August 31, 2004.

12. As plaintiffs EASTWOOD, HENRY, and JASHNANI arrived in the vicinity of 49th and Broadway, defendant KAVANAGH pepper sprayed plaintiff EASTWOOD in the eyes without warning; plaintiff EASTWOOD was immediately handcuffed and placed under arrest. A defendant DOE pushed a woman to the ground.

13. Plaintiff EASTWOOD was wearing contact lenses, and immediately began pleading with defendant officers for medical attention, and to permit him to remove his contact lenses because of the pepper spray in his eyes. Plaintiff EASTWOOD was removed to a police precinct, processed at the front desk, and placed in a holding cell. Throughout, he pleaded for medical attention and to be able to remove his contact lenses; no medical attention was provided. Instead, a defendant DOE forcibly removed a contact lens from plaintiff EASTWOOD's left eye. The other contact lens was left in plaintiff EASTWOOD's right eye.

14. Plaintiff EASTWOOD was then placed in a police vehicle and taken to Pier 57. Plaintiff was then driven to a midtown police precinct. Plaintiff EASTWOOD continued to plead for medical attention, which was not provided. At the midtown precinct, plaintiff EASTWOOD was taken out of the police vehicle.

15. As plaintiffs HENRY, JASHNANI, CHRIS DWYER and DANIEL DWYER were walking away from the incident at 49th and Broadway, they were arrested. The plaintiffs were thrown to the ground, kicked, punched and handcuffed. After their arrests, plaintiffs were transported to the same midtown police precinct where plaintiff EASTWOOD was being detained.

16. All plaintiffs were then placed in a police vehicle and transported to Pier 57 by defendants FIORE and GUMBS. Defendants turned the heat up extremely high in the back of

the vehicle in which plaintiffs were being detained.

17. Several hours after their arrest, all plaintiffs were taken inside Pier 57, where plaintiff EASTWOOD first received medical attention. Plaintiff EASTWOOD was transported to Bellevue Hospital, and then back to Pier 57.

18. Plaintiff EASTWOOD remained at Pier 57 until approximately 9:00 p.m. on September 1, 2004, and was detained a total of approximately 48 hours before being released from custody.

19. Plaintiff HENRY remained at Pier 57 until approximately 9:00 p.m. on September 1, 2004, and was detained a total of approximately 43 hours before being released from custody. Plaintiff HENRY suffered physical injury to his right hand, respiratory difficulties requiring medical treatment, sore throat, swollen glands and rashes.

20. Plaintiff JASHNANI remained at Pier 57 until approximately 3:30 p.m. on September 1, 2004, and was detained a total of approximately 45 hours before being released from custody. Plaintiff JASHNANI, who had hernia surgery approximately two months before the incident, suffered pain and discomfort from being denied access to bathroom facilities; plaintiff also suffered breathing difficulties and the onset of asthma.

21. Plaintiff CHRIS DWYER remained at Pier 57 until the evening of September 1, 2004, and was detained a total of approximately 47 hours before being released from custody. Plaintiff developed lingering respiratory problems.

22. Plaintiff DANIEL DWYER remained at Pier 57 until approximately 10:00 a.m on September 1, 2004, and was detained a total of approximately 44 hours before being released from custody. Plaintiff had cuts on his wrists due to excessively tight handcuffs.

5

23. During plaintiffs' detention, in addition to the above, they were placed in excessively tight handcuffs, and handcuffs were applied for excessive periods of time. Plaintiffs were not provided adequate facilities for sleeping, sitting and toileting. Plaintiffs were forced to come into intimate contact with noxious and irritating substances, including, on information and belief, toxic chemicals in the air and on the walls and floor of Pier 57.

24. Plaintiffs were charged with Parading Without a Permit and other charges, all of which were subsequently dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

25. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. By their conduct and actions in causing the arrest and imprisonment of plaintiffs, and in arresting and imprisoning plaintiffs, by preventing plaintiffs from engaging in protected First Amendment conduct, by retaliating against plaintiffs because of their exercise of First Amendment rights, by using excessive force, by detaining plaintiffs for an excessive amount of time, by detaining plaintiffs under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees, and by deliberate indifference to medical needs, defendants FIORE, KAVANAGH, QUIGLEY, GUMBS, DOES and ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and

the United States Constitution, including its First, Fourth, Fifth, and Fourteenth Amendments.

27.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

28.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest of persons lawfully participating in, observing, or in the vicinity of demonstrations, protests or other forms of public expression during the Republican National Convention; (b) the unreasonably long detentions of such persons arrested on minor charges; (c) the detention of such persons under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees; (d) the infliction of pain and suffering upon such persons, including by the use of excessive force, keeping arrestees in handcuffs for extended periods of time, applying extremely tight handcuffs, denying toileting and personal hygiene facilities and supplies, denying adequate facilities to sit or sleep, confining and transporting in over-heated vehicles, exposure to irritants, denial of adequate medical care, pepper spraying, verbal harassment, and other means of inflicting pain and discomfort; (e)

enforcement of an unconstitutional statute, New York City Administrative Code section 10.110, Parading Without a Permit; and (f) the application of that statute to sidewalk marches. Each such policy, practice, custom and usage caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

30.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

31.     The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32.     By the actions described above, defendants falsely arrested and imprisoned plaintiffs, or caused them to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

33.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

### FOURTH CLAIM

## ASSAULT AND BATTERY

34. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

35. By the actions described above, defendants did inflict assault and battery upon plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

36. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## NEGLIGENCE

37. The plaintiffs incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

38. Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

39. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of

the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          October 28, 2005

_____
MICHAEL L. SPIEGEL, Esq.
(MS-0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558
*Attorney for Plaintiffs*