UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

COREY EASTWOOD, JESSIE HENRY, GAURAV
JASHNANI, CHRIS DWYER, and DANIEL DWYER,

                                    Plaintiffs,

        -against-

THE CITY OF NEW YORK, CARMINE FIORE,
CAPTAIN KAVANAUGH, PATRICK QUIGLEY,
SHAUN GUMBS, and DOES AND ROES,

                                    Defendants.

**ANSWER**

05 CV 9483 (KMK)(JCF)

------------------------------------------------------------------------ x

        Defendants City of New York, Carmine Fiore, Thomas Kavanaugh, Patrick Quigley, and Shaun Gumbs, by their attorney, Michael A. Cardozo, Corporation Counsel for the City of New York, for their answer to plaintiffs' Complaint, respectfully allege as follows:

AS TO THE "PRELIMINARY STATEMENT"

        1.    Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

AS TO "JURISDICTION"

        2.    Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

        3.    Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiffs purport to invoke the Court's jurisdiction as stated therein.

## AS TO "JURY TRIAL DEMANDED"

4.  Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiffs demand a jury trial.

## AS TO "VENUE"

5.  Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiffs purport that venue is proper.

## AS TO "NOTICE OF CLAIM"

6.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

## AS TO "PARTIES"

7.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.  Defendants deny the allegations set forth in Paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

9. Defendants the allegations set forth in paragraph "9" of the Complaint, except admit that on August 31, 2004, Carmine Fiore, Thomas Kavanaugh, Patrick Quigley, and Shaun Gumbs were employed by the City of New York.

## AS TO THE "STATEMENT OF RELEVANT FACTS"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

## AS TO THE "FIRST CLAIM"

25. In response to the allegations set forth in paragraph "25" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

## AS TO THE "SECOND CLAIM"

28. In response to the allegations set forth in paragraph "28" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

29. Defendants deny the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

## AS TO THE "THIRD CLAIM"

31. In response to the allegations set forth in paragraph "31" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

## AS TO THE "FOURTH CLAIM"

34. In response to the allegations set forth in paragraph "34" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

<u>AS TO THE "FIFTH CLAIM"</u>

37. In response to the allegations set forth in paragraph "37" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

<u>AS TO THE "SIXTH CLAIM"</u>

40. In response to the allegations set forth in paragraph "79" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

41. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

43. The Complaint fails to state a claim upon which relief can be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

**44.** Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

45. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiffs' culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

46. The actions of any police officers involved were justified by probable cause.

### FIFTH AFFIRMATIVE DEFENSE

47. At all times relevant to the acts alleged in the Complaint, Defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City is entitled to governmental immunity from liability.

### SIXTH AFFIRMATIVE DEFENSE

48. Punitive damages cannot be recovered as against the Defendant City of New York or the other Defendants and, if available, the amount of such damages is limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

49. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

### EIGHTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred, in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §50-e and §50-i.

### NINTH AFFIRMATIVE DEFENSE

51. Plaintiffs provoked the incidents of which they complain.

### TENTH AFFIRMATIVE DEFENSE

52. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### ELEVENTH AFFIRMATIVE DEFENSE

53. Plaintiffs' claims are barred, in whole or in part, by their contributory or comparative negligence and by their assumption of the risk.

### TWELTH AFFIRMATIVE DEFENSE

54. Plaintiffs' claims are barred, in whole or in part, by the doctrines of absolute immunity, waiver and estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

55. Plaintiffs consented to the acts about which they complain.

### FOURTEENTH AFFIRMATIVE DEFENSE

56. Plaintiffs failed to mitigate their damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

57. To the extent Defendants used any force it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### **SIXTEENTH AFFIRMATIVE DEFENSE**

58. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** Defendants City of New York, Carmine Fiore, Thomas Kavanaugh, Patrick Quigley, and Shaun Gumbs request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 10, 2006

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendants City of New York,
        Carmine Fiore, Thomas Kavanaugh, Patrick
        Quigley, and Shaun Gumbs
        100 Church Street, Room 3-190
        New York, New York 10007
        (212) 788-0786

By:   /s/
        Jed M. Weiss (JW 5293)
        Assistant Corporation Counsel
        Special Federal Litigation Division

TO:
Michael Spiegel, Esq.
111 Broadway, Suite 1305
New York, New York 10006
*Attorney for Plaintiffs*

Index Number 05 CV 9483 (KMK)(JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| COREY EASTWOOD, JESSIE HENRY, GAURAV JASHNANI, CHRIS DWYER, and DANIEL DWYER,<br><br>                                         Plaintiff,<br><br>-against-<br><br><br>THE CITY OF NEW YORK, CARMINE FIORE, CAPTAIN KAVANAUGH, PATRICK QUIGLEY, SHAUN GUMBS, and DOES AND ROES,<br><br>                                      Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York, Carmine Fiore, Thomas Kavanaugh, Patrick Quigley, and Shaun Gumbs*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Jed M. Weiss*<br><br>*Tel:  (212) 788-8683*<br>*NYCLIS No. 05 sf 025218* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  .......................................... ,2006*<br><br>*.................................................................. Esq.*<br><br>*Attorney for City of New York* |