THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

# MEMO ENDORSED

October 18, 2006

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/06
```

    Re:    <u>Eastwood, et al.</u> v. <u>City of New York, et al.</u>, 05 Civ. 9483 (KMK)(JCF)

Dear Judge Francis:

    I am counsel for plaintiffs in the above-referenced action, which is one of the RNC Consolidated Cases. I write pursuant to Your Honor's Individual Rules and Local Rule 37.2, and in advance of the RNC Cases conference on October 24, 2006, concerning the failure of defendants to produce documents and respond properly to interrogatories. Plaintiffs further request that this Court set deadlines for production of certain documents and the depositions of the four named police officer defendants.

    This is not a "mass arrest" case as that term has been used in the RNC litigation. The five plaintiffs were arrested near 49th and Broadway at about 10:30 p.m. on August 31, 2004. Three of them were walking on the east sidewalk of Broadway, heading north, with a small group of other people. Plaintiff Eastwood was near the front of the group, and was the first one approached by police officers. Without warning, an officer pepper sprayed plaintiff Eastwood in the eyes. He was then handcuffed and arrested. He was wearing contact lenses and repeatedly asked that his handcuffs be removed temporarily to enable him to remove his contacts. Eventually, a police officer forcibly removed one of plaintiff's contacts (while plaintiff was still cuffed behind his back). This was the apparent cause of a corneal abrasion, and plaintiff Eastwood was taken to Bellevue Hospital for treatment while in custody. Plaintiffs Henry and Jashnani were arrested as they were leaving the scene, and Henry also required medical treatment while in custody. Two of the plaintiffs, Chris and Dan Dwyer, were not participating in the march, but were videotapng it, and were also arrested as they were leaving the area.

    Plaintiffs served discovery requests on February 17, 2006, and received responses on June 7, 2006. I wrote A.C.C. Curt Beck on June 29, 2006, concerning numerous documents which had not been produced, and interrogatories to which inadequate or no response had been given. Since then, there have been a number of telephone conversations and e-mails concerning outstanding discovery, but essential information has not been forthcoming. Most recently, I

1

wrote A.C.C. Beck on October 10, 2006, advising him that I would bring the matter before Your Honor if substantial compliance with the City's discovery obligations did not take place.

In response to my e-mail, Mr. Beck called me. During the conversation, Mr. Beck conceded that he had not yet had any direct communication with the police officers involved in the incident. Therefore, he was still unable to tell me who had pepper sprayed Mr. Eastwood; or who had forcibly removed the contact lens from his eye; or the identity of another white male dressed in plainclothes (whose words and conduct indicated that he was acting with law enforcement authority) who pushed a woman to the ground during the incident, rendering her unconscious; or the identities of EMT's who responded to the scene to assist her; or the identities of supervisory officers at the scene; or the identities of any police officers who required medical treatment as a result of the incident. Plaintiff respectfully requests that substantive answers to these interrogatories be provided by November 17, 2006.

Plaintiffs also respectfully request that defendants be ordered to produce the following document discovery by November 17, 2006: NYPD Pepper Spray Report; Medical Treatment of Prisoner forms for plaintiffs Eastwood and Henry; Property Voucher for Chris Dwyer; Online Booking System Arrest Worksheet for Guarav Jashnani; DAT Investigation Worksheets for each plaintiff; SPRINT printouts for radio traffic concerning the incident and any 911 calls concerning the incident; relevant logs from the precinct stationhouse to which plaintiffs were taken after their arrest; RNC PASS Intake Sheets for all plaintiffs other than Chris Dwyer; memobook entries for each defendant officer; Polaroid photos of plaintiffs and their arresting officers and the Mass Arrest Pedigree Label associated with each photograph; log entries at the Post Arrest Staging Site and Mass Arrest Processing Center concerning all five plaintiffs; and any Unusual Incident Report or like documents concerning the incident.

If defendants cannot locate certain documents, plaintiffs request that for each such document, defendants be ordered to produce an affidavit from the relevant arresting officer concerning whether the document was created, and for those documents which were created, an affidavit from an NYPD official detailing efforts to locate the documents and any information concerning what happened to the document.

Plaintiffs further request an order directing that the four named defendant police officers be produced for deposition by December 15, 2006.

10/30/06

Respectfully submitted,

*M. Spiegel*

Michael L. Spiegel
[MS-0856]

cc: A.C.C. Curt P. Beck (by e-mail)

*[Handwritten annotation:]* Applications granted, except: ① If a document was created but cannot be located, a detailed explanatory letter (rather than an affidavit) will suffice, and ② No order regarding deposition dates will be made until the possibility of a coordinated schedule is discussed on November 9, 2006.

SO ORDERED.

*James C. Francis IV*
USMJ