# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| COURTNEY LEE ADAMS, THOMAS ADAMSON, CHRIS AGNESE, CHRISTINA ARGYROS, SABINE ARONOWSKY, EUGENI AVERBAKH, SCOTT BEIBIN, CHRISTINA BENSON, STEVEN BLACK, JAIE BOSSE, EDWARD CODEL, BENJAMIN CODY, GABRIEL COHN, ERIC CORLEY, NANCY DIAMOND, RYAN DOXTADER, YASMINE FARHANG, MICHAEL FIX, JOHN FLANIGAN, MARLENE FLATON, NAIMAH FOWLER, AMELIA GEOCOS, DAVID GEOCOS, JENNIFER GILES, MICHAEL GINDI, DANIEL GINGOLD, TREVOR GIULIANI, ZACHARY GOLDSTEIN, JAMES GRAHAM, BARBARA JANE HARDEN JONES, ERIK HENRIKSEN, LILY HUGHES-DUNN, BRIAN HURLEY, AISHA JABOUR, JUANPABLO JUAREZ, CLIFFORD KAPLAN, SANDOR KATZ, THOMAS KENNEDY, KRISTIN KOJIS, JENNIFER LAHN, NADGIA LARA, ALTHEA LEWIS, RICHARD LOVEJOY, BRIAN LUCREZIA, DAVID MADDOX, AARON MARET, LISA MARTIN, SCOTT O'DIERNO, EMILY PAINE, SARAH PALMER, JEFFREY PARROTT, DANIEL PERRY, ROBERT PONCE, DANA PRYOR, DANIEL REED, MICHAEL REILLY, ANGEL RIVERA, JESSE ROSEMOORE, CYNTHIA ROSIN, DENISE RUBINFELD, RUE SAKAYAMA, DOMINICK SASSONE, MIHO SCHUTZENHOFER, NAZIE SHEKARCHI, CHRISTOPHER SHORTRIDGE, ALEXIS SHOTWELL, ARIELLE SOLOFF, JAMES STEITZ, SADA STIPE, REBECCA SUTTON, JESSICA TAFT, SIDNEY VAULT, ROGER VILANOVA MARQUES, NOAH WEISS, SETH WESSLER, ADRIANNE WILCOX, REBECCA WOOD, DAVID ZALK, DANIEL ZARRELLA, THOMAS BACON, GREG GRIFFITH, MICHELLE KAYE, | **THIRD AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>ECF Case<br><br>05 CV 9484 (KMK)(JCF) |

1

DAVID HILL, ERICA MITRANO, ROBERT PIETRI,
ELLEN TUZZOLO, and JOEL VIERTEL,
                        Plaintiffs,

    -against-

THE CITY OF NEW YORK, **JOHN COLGAN,**
**STEPHEN HAMMERMAN, THOMAS DOEPFNER,**
**KERRY SWEET, RUBY MARIN-JORDAN,**
**DAVID COHEN,** GERALD DIECKMANN,
JAMES ESSIG, JOSEPH LAMENDOLA,
JEREMIAH MALONE, CUONG NGUYEN,
VICTOR PEREZ, JONATHAN QUIMBY,
REMY RANDALL, JAMES RUFLE,
DANIEL RYAN, and JOHN and JANE DOES,

                        Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiffs seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.    This action is brought pursuant to the Constitution of the United States, including its First, Fourth, Fifth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs'

constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## **JURY TRIAL DEMANDED**

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## **VENUE**

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## **NOTICES OF CLAIM**

6. Plaintiffs COURTNEY LEE ADAMS, THOMAS ADAMSON, CHRIS AGNESE, CHRISTINA ARGYROS, SABINE ARONOWSKY, EUGENI AVERBAKH, SCOTT BEIBIN, CHRISTINA BENSON, STEVEN BLACK, JAIE BOSSE, EDWARD CODEL, GABRIEL COHN, ERIC CORLEY, MARLENE FLATON, NAIMAH FOWLER, MICHAEL GINDI, TREVOR GIULIANI, ZACHARY GOLDSTEIN, JAMES GRAHAM, GREG GRIFFITH, LILY HUGHES-DUNN, AISHA JABOUR, JUANPABLO JUAREZ, CLIFFORD KAPLAN, SANDOR KATZ, KRISTIN KOJIS, ALTHEA LEWIS, LISA MARTIN, SCOTT O'DIERNO, EMILY PAINE, SARAH PALMER, JEFFREY PARROTT, DANIEL PERRY, DANA PRYOR, MICHAEL REILLY, ANGEL RIVERA, JESSE ROSEMOORE, CYNTHIA ROSIN, DENISE RUBINFELD, RUE SAKAYAMA, DOMINICK SASSONE,

MIHO SCHUTZENHOFER, NAZIE SHEKARCHI, JAMES STEITZ, SADA STIPE, JESSICA TAFT, SIDNEY VAULT, JOEL VIERTEL, ROGER VILANOVA MARQUES and NOAH WEISS filed Notices of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.	Plaintiffs are citizens, residents, or were otherwise lawfully in the United States at the time of the events complained of herein.

8.	Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.	Defendants JAMES ESSIG, GERALD DIECKMANN, JOSEPH LAMENDOLA, JEREMIAH MALONE, CUONG NGUYEN, VICTOR PEREZ, JONATHAN QUIMBY, REMY RANDALL, JAMES RUFLE, DANIEL RYAN, **COLGAN, HAMMERMAN, DOEPFNER, SWEET, MARIN-JORDAN, COHEN,** and JOHN and JANE DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendants are and were at all times relevant

4

herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

### STATEMENT OF RELEVANT FACTS

10. On August 31, 2004, at approximately 7:00 p.m., plaintiffs were in the vicinity of Union Square, New York, New York. Many of the plaintiffs were there to express their political opinions related to the Republican National Convention, which was being held in New York City at that time.

11. A number of people, including people playing musical instruments, entered the roadway of Union Square East. Some of them carried signs or banners, some were chanting. Defendants ESSIG, DIECKMANN and DOES ordered police officers to form a line across the roadway of Union Square East at the north side of the intersection with East 16th Street. The line of officers directed anyone approaching from the south or west, including plaintiffs, to move eastward onto East 16th Street toward Irving Place, which was the next north-south cross street. Some of the plaintiffs were in the roadway, some were on the sidewalk.

12. After several hundred people had moved onto East 16th Street, traveling on both sidewalks and in the roadway, police officers closed off egress from the block by forming a line across East 16th Street at Irving Place, at the direction of defendants ESSIG, DIECKMANN and DOES. Officers were also ordered to prevent egress at the Union Square end of the block.

13. Plaintiffs, who were all on East 16th Street between Union Square East and Irving

Place when officers closed off both ends of the block, were placed under arrest by defendants ESSIG, DIECKMANN, LAMENDOLA, MALONE, NGUYEN, PEREZ, QUIMBY, RANDALL, RUFLE, RYAN, and DOES.  Plaintiffs were charged with Parading Without a Permit and Disorderly Conduct.

      14.      When plaintiffs approached East 16th Street, and throughout the time plaintiffs were on East 16th Street, there was a visible police presence in the area, and plaintiffs followed all directions and instructions given by police officers.  At no time were plaintiffs advised or permitted to disperse, advised that their conduct might be considered illegal, or advised that their presence or conduct would subject them to arrest.

      15.      Subsequent to their arrest, most plaintiffs were removed to Pier 57, **which was under the supervision of COLGAN.  Plaintiffs were processed at Pier 57, and their arresting officers were instructed by employees of THE CITY OF NEW YORK under the supervision of  HAMMERMAN, DOEPFNER, SWEET, and MARIN-JORDAN to create false accounts of plaintiffs' arrests.**  At some point, each plaintiff was removed to Central Booking at 100 Centre Street.

      16.      During plaintiffs' detention, various plaintiffs were placed in excessively tight handcuffs, and handcuffs were applied for excessive periods of time.  Plaintiffs were not provided adequate facilities and materials for sleeping, sitting, toileting, and personal hygiene, and were denied adequate medical care.  Many plaintiffs were confined and transported in over-heated vehicles, were verbally harassed, and were subjected to other means of inflicting pain and discomfort.  Plaintiffs detained at Pier 57 were forced to come into intimate contact with noxious and irritating substances, including, on information and belief, toxic chemicals in the air and on

6

the walls and floor of Pier 57.

17. All criminal charges against all plaintiffs were subsequently dismissed.

18. **Defendant COHEN directed a surveillance campaign, and gathered intelligence, concerning individuals and groups in preparation for the RNC. The intelligence, and the interpretation of intelligence, which was provided by COHEN to THE CITY OF NEW YORK, to NYPD officials, and to others as a result of that surveillance and intelligence-gathering grossly misrepresented what could be expected to occur during the RNC, and encouraged and created a climate of hostility toward protesters. COHEN improperly conflated protesters' planned activities with civil disobedience, violence, and terrorism.**

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

19. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

20. By their conduct and actions in causing the arrest and imprisonment of plaintiffs, and in arresting and imprisoning plaintiffs, by preventing plaintiffs from engaging in protected First Amendment conduct, by retaliating against plaintiffs because of their perceived exercise of First Amendment rights, by violating the arrestees' Fourteenth Amendment rights to equal protection, by using excessive force, by detaining plaintiffs for an excessive amount of time, by detaining plaintiffs under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees, by deliberate indifference to medical needs, by maliciously prosecuting

plaintiffs, **by creating false accounts of plaintiffs' conduct, and by misrepresenting protesters' expected activities and encouraging and creating a climate of hostility toward protesters,** defendants ESSIG, DIECKMANN, LAMENDOLA, MALONE, NGUYEN, PEREZ, QUIMBY, RANDALL, RUFLE, RYAN, **COLGAN, HAMMERMAN, DOEPFNER, SWEET, MARIN-JORDAN, COHEN,** and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth, and Fourteenth Amendments.

21.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

22.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

23.    At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, including: (a) the arrest of persons lawfully participating in, observing, or

in the vicinity of demonstrations, protests or other forms of public expression during the Republican National Convention; (b) the unreasonably long detentions of such persons arrested on minor charges; (c) the detention of such persons under cruel and inhumane conditions at a facility which was not suitable for the detention of arrestees; (d) the infliction of pain and suffering upon such persons, including, keeping arrestees in handcuffs for extended periods of time, applying extremely tight handcuffs, denying adequate facilities to sit or sleep, exposure to irritants, and other means of inflicting pain and discomfort; (e) enforcement of an unconstitutional statute, New York City Administrative Code section 10.110, Parading Without a Permit; (f) the application of the Parading Without a Permit statute to sidewalk marches; **(g) enforcement of an unconstitutional statute, Penal Law section 240.20(5), Disorderly Conduct (obstructing pedestrian traffic); (h) the application of the Disorderly Conduct statute, subsection 5, to sidewalk marches; (i) not issuing summonses to RNC arrestees; (j) not issuing Desk Appearance Tickets to RNC arrestees; (k) the fingerprinting of all RNC arrestees; and (l) making false statements concerning RNC arrestees and the circumstances of their arrests in police documents, to Assistant District Attorneys, in sworn Criminal Court charging instruments, and at criminal trials.** Each such policy, practice, custom and usage caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.

    24.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and

injured.

## THIRD CLAIM

### FALSE ARREST and FALSE IMPRISONMENT

25. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. By the actions described above, defendants falsely arrested and imprisoned plaintiffs, or caused them to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## FOURTH CLAIM

### ASSAULT AND BATTERY

28. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. By the actions described above, defendants did inflict assault and battery upon plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by

the laws and Constitution of the State of New York.

    30.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## MALICIOUS PROSECUTION

    31.    The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

    32.    By the actions described above, defendants maliciously prosecuted plaintiffs CHRISTINA BENSON, LIAM BURNELL, ERIC CORLEY, TREVOR GIULIANI, ALTHEA LEWIS, DANA PRYOR, CYNTHIA ROSIN, and SIDNEY VAULT, without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

    33.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

## NEGLIGENCE

    34.    The plaintiffs incorporate by reference the allegations set forth in the foregoing

paragraphs as if fully set forth herein.

35.     Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

36.     As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §§ 1981 AND 1983

37.     Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

38.     **By their conduct in failing to remedy the wrongs committed by employees of THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, defendants ESSIG, DIECKMANN, COLGAN, HAMMERMAN, DOEPFNER, SWEET, MARIN-JORDAN, and COHEN caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its First, Fourth, Fifth and Fourteenth Amendments.**

39. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### NEW YORK CITY ADMINISTRATIVE CODE SECTION 10.110, PARADING WITHOUT A PERMIT, IS UNCONSTITUTIONAL

40. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

41. **New York City Administrative Code section 10.110, Parading Without a Permit, on its face, violates the First Amendment and the Due Process Clause of the Fourteenth Amendment, and is unconstitutionally vague and overbroad, in that it permits police officers to apply the statute to protected First Amendment activity on public sidewalks.**

42. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

### NEW YORK PENAL LAW SECTION 240.20, SUBSECTION 5, IS UNCONSTITUTIONAL

43. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

44. **Subsection 5 of the Disorderly Section Statute, on its face, violates the First Amendment and the Due Process Clause of the Fourteenth Amendment in that it does not require that the police either (a) give a lawful order to disperse, and an opportunity to comply, before arresting persons gathered for the purpose of peaceful protest, or (b) have probable cause to believe that the persons arrested intended to substantially obstruct pedestrian traffic.**

45. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, loss of income, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Pre- and post-judgment costs, interest and attorney's fees;

    e. **Injunctive relief requiring defendants to return to plaintiffs, or where necessary to expunge and/or destroy all records of fingerprints taken in conjunction with their arrests and all other information or records concerning their arrests, to remove from all records and databases maintained by defendants any reference to plaintiffs' arrests, and to request that all law enforcement agencies that have**

**received information concerning plaintiffs' arrests destroy such information.**

**f. Injunctive relief enjoining defendants from applying New York City Administrative Code section 10.110, Parading Without a Permit, to sidewalk marches.**

**g. Injunctive relief enjoining defendants from enforcing the New York Penal Law section 240.20, subsection 5, against person gathered on a public sidewalk without either (a) giving a lawful order to disperse or (b) having probable cause to believe that such persons intend to substantially obstruct pedestrian traffic.**

h. Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
           August 30, 2007

                                                     MICHAEL L. SPIEGEL (MS 0856)
                                                     111 Broadway, Suite 1305
                                                     New York, New York 10006
                                                     (212) 587-8558

                                                     NORMAN FREDERICK BEST (NB 1968)
                                                     575 Madison Avenue, 10th Floor
                                                     New York, New York 10022
                                                     (212) 671-0122

                                                     *Attorneys for Plaintiffs*


                                 By:     _____
                                        Michael L. Spiegel (MS 0856)