**MEMO ENDORSED**

THE LAW OFFICES OF
# MICHAEL L. SPIEGEL
111 BROADWAY, SUITE 1305
NEW YORK, NEW YORK 10006
TEL:(212)587-8558    FAX:(212)571-7767

January 10, 2008

**BY FAX TO (212)805-7930**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/23/08
```

    Re:   *Eastwood, et al. v. The City of New York, et al.*
           05 CV 9483 (RJS)(JCF)

Dear Judge Francis:

    I write at the conclusion of depositions of all parties in this RNC case. Plaintiffs now make motions to preclude certain evidence, and to compel the production of certain evidence.

    This action arises out of a small demonstration which proceeded up the east sidewalk of Broadway from Times Square during the late evening of August 31, 2004. As the group approached the intersection at 49th Street, plaintiff Eastwood was pepper sprayed by defendant Kavanaugh and arrested. The police then moved the other protesters north across 49th Street, still on the east sidewalk of Broadway, after which the protesters dispersed. Plaintiffs Henry, Jashnani, Chris Dwyer and Dan Dwyer were arrested in the vicinity after dispersing. Much of what took place is depicted on three videotapes which were produced to the City by plaintiffs.

**Motion to Preclude Testimony from Unidentified Police Officer Who Removed Plaintiff Eastwood From the Scene of the Incident**

    Immediately after plaintiff Eastwood was pepper sprayed and placed in handcuffs, the videotapes show him being led away from the scene by a uniformed police officer. It is undisputed that this officer has not been identified in this litigation. Plaintiff Eastwood has testified that this same unidentified officer transported him to a police stationhouse, where the officer forcibly removed a contact lens from plaintiff's eye (Eastwood was later treated for a corneal abrasion while in custody). At some point thereafter, plaintiff Eastwood was transported by the officer to a second precinct, where he was placed in a van with the other four plaintiffs and taken to Pier 57. The unidentified officer did not accompany plaintiffs to Pier 57, and had no known further involvement in the arrests.

1

Plaintiffs originally requested the officer's identity in Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, served on February 17, 2006, and have repeatedly requested that he be identified and produced for deposition, and that documents be produced concerning his interactions with plaintiff Eastwood. Not only has the officer not been identified, the City has not produced any documents concerning the officer's interactions with plaintiff. Nor has there been any testimony from any other witness concerning the interactions between plaintiff Eastwood and the unidentified officer.

Plaintiffs now move to preclude the defendants from offering any testimony from any witness concerning the interactions between plaintiff Eastwood and the unidentified officer.

Plaintiffs further move to preclude defendants from offering into evidence, or using in any way, any documentary evidence concerning the interactions between plaintiff Eastwood and the unidentified officer, or concerning the activities of the unidentified officer during the time he was in the presence of plaintiff Eastwood.

## Motion to Compel Production of TARU Videotapes of the Incident

Plaintiffs' videotapes depict two NYPD TARU officers videotaping the incident. Defendants have never produced any TARU videotapes of the incident, despite plaintiffs' request in Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, served on February 17, 2006, and specific requests made since then.

When plaintiffs showed their videotapes of the incident to another TARU officer at a deposition on December 11, 2007, that officer identified the two TARU videographers as Det. Robert Libertelli and Det. Tara McGuiness. Since Libertelli and McGuiness were identified, plaintiffs have renewed their demand for the production of the videotapes they took of the incident and the protest activity leading up to the incident.

Defendants have responded that they have "produced" the videos, interpreting "production" to mean that they have provided plaintiffs with NYPD and District Attorney's Office logs of 287 videotapes. The logs include a brief "description" of what is on each tape (some descriptions identify a specific location, some are extremely vague). None of the descriptions on the logs mentions the vicinity of the incident in this case. Therefore, plaintiffs have not been able to identify – based on the information in the logs – a particular tape which likely relates to this incident.

What is not listed on the logs, but is printed on almost every DVD produced to plaintiffs in the RNC cases, is the name of the TARU videographer who took the video. Therefore, it should not be difficult for defendants to locate the videotapes at issue. It is beyond doubt that defendants are in possession of videotapes of the incident, and that they have not produced them. Plaintiffs request an order directing production of the TARU videotapes of this incident.

**Motion to Compel Responses to Interrogatories and Documents Requests Concerning Other Lawsuits Against Named Defendants**

At the depositions of defendants Kavanaugh, Quigley and Gumbs, each testified to one or more lawsuits in which they were named defendants. Plaintiffs have requested the name and case number of each lawsuit arising from defendants' activities as NYPD police officers. Plaintiffs have also requested copies of any transcripts of deposition testimony by the three defendants in the possession of the City of New York.

Based on defendant Quigley's deposition testimony concerning two lawsuits in which he was a defendant, he was apparently sued in one case for violation of first amendment rights, and in a second case for false arrest and/or excessive force. Defendant Gumbs testified that he was sued for using excessive force. Defendant Kavanaugh was also sued in an excessive force case. In light of the allegations in the instant case concerning violation of first amendment rights and the use of excessive force, and the fact that the Corporation Counsel's Office already has the information (*i.e.*, it does not have to obtain it from another agency), plaintiffs request that the Court direct defendants to produce the information sought concerning the lawsuits.

Respectfully submitted,

M. Spiegel

Michael L. Spiegel

MLS:ms

cc: A.C.C. Curt Peter Beck (by email)

1/22/08

The application to preclude testimony or other evidence concerning the unidentified officer is denied as premature. The application to compel production of the videotapes is denied without prejudice pending a deposition of the videographers. The application to compel defendants to identify previous lawsuits and produce deposition transcripts is granted.

SO ORDERED.

James C. Francis IV
USMJ

3