.

# EXHIBIT A



THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**ALEXIS L. LEIST**
*Special Assistant Corporation Counsel*
Room 3-170m
Telephone: (212) 374-3430
Facsimile: (212) 788-9776
alcist@law.nyc.gov

January 22, 2008

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

### *SUBMITTED UNDER SEAL – REFERS TO CONFIDENTIAL INFORMATION*

## Re: <u>Eastwood, et al, v. City of New York, et al.,</u> 05 CV 9483 (RJS) (JCF)

Dear Judge Francis:

The following sets forth the discovery issues in the captioned matter. The legal argument supporting the relief requested herein is set forth in the accompanying letter of Jeffrey A. Dougherty.

I.   <u>Discovery of Plaintiffs' Mental Health Histories</u>

    A. <u>Plaintiffs Corey Eastwood, Jesse Henry and Guarav Jashnani Have Not Provided Releases for their Mental Health Treatment so their Emotional Distress Claims Should Be Dismissed.</u>

        1. <u>Eastwood, Corey</u> – Plaintiff Eastwood was deposed on August 27, 2007. At that time he testified that he conducted a search for information/documentation regarding his emotional distress claims, that he found such information/documentation, and that he turned it over to his attorney. To date, defendants have not been provided with any of this information nor are defendants able to assess whether or not this documentation contains the names of any providers. See **Exhibit A** annexed hereto, the pages of plaintiff Eastwood's deposition that are material to the instant application in its entirety. Defendants refer the Court to pages 33 – 34 of Exhibit A. Accordingly, Eastwood's claims of emotional distress should be dismissed with prejudice.

2. <u>Henry, Jesse</u> – Plaintiff Jesse Henry has refused to provide releases for his mental health records, and refused to answer any questions regarding his prior psychiatric treatment at his deposition. At his September 10, 2007 deposition, plaintiff's attorney stated on the record that he refused to provide releases, instructed his client not to answer the questions, and was fully cognizant of Your Honor's prior decisions dismissing plaintiffs' emotional distress claims under such circumstances. See **Exhibit B** annexed hereto, pages 150 – 152 of Henry's deposition transcript. Accordingly, Henry's claim of emotional distress should be dismissed with prejudice.

3. <u>Jashnani, Guarav</u> – Plaintiff Jashnani has failed to provide releases for his mental health treatment post-RNC. He was deposed on July 23, 2007 and testified that in 2006 and 2007 he received medical treatment for the anxiety he was experiencing as a result of the arrest. See **Exhibit C** annexed hereto, the pages of plaintiff Jashnani's deposition that are material to the instant application in its entirety. Defendants refer the Court to pages 313 – 316 of Exhibit C. Accordingly, Jashnani's claims of emotional distress should be dismissed with prejudice.

## II.    <u>Discovery of Plaintiffs' Physical Injuries</u>

A. <u>Plaintiff Guarav Jashnani Has Not Provided a Release for his Physical Injuries so his Physical Injury Claims Should Be Dismissed.</u>

1. <u>Jashnani, Guarav</u> – Plaintiff Jashnani was deposed on July 23, 2007. At that time, he testified that as a result of his arrest at the RNC he suffered respiratory problems, asthma, rhinitis, and pain to his bladder and abdomen. However, Jashnani experienced these medical conditions prior to his arrest. Plaintiff Jashnani has failed to provide releases for any of the medical treatment he has received both prior and subsequent to his arrest which all relate to his respiratory problems. See **Exhibit C**, pages 298 – 312. Accordingly, his claims of physical injury should be dismissed.

## III.    <u>Discovery of Plaintiffs' Non-RNC Arrests</u>

A. <u>Plaintiffs Corey Eastwood and Guarav Jashnani Have Not Provided Releases for their Non-RNC Arrests so Their Claims Should Be Dismissed.</u>

1. <u>Eastwood, Corey</u> – Plaintiff Eastwood has failed to provide releases for both his pre-RNC arrests and post-RNC arrests. Plaintiff Eastwood was deposed on August 27, 2007. Eastwood testified that he was arrested in September 2002 for marching in the street at a protest against the IMF and the World Bank. He could not recall the outcome of his case. In October 2002, he was arrested for protesting against the Iraq War at the United Nations. He was

then arrested sometime in the summer of 2003 in Ithaca, New York for disorderly conduct but could not recall for the outcome of that arrest. Thereafter he was arrested in the fall of 2003 in Madison, Wisconsin for climbing on top of a bus stop on Halloween. He was also arrested in April 2005 during a Critical Mass bike ride in New York City. Once again, he could not recall for sure the outcome of that arrest. Finally, his latest arrest was sometime in late 2006 (he could not recall the exact date) for disorderly conduct, again in New York City. See **Exhibit A**, pages 38 – 44. Eastwood's failure to provide releases for those arrests justifies dismissal of his emotional distress claims and false arrest claims.

2. Jashnani, Guarav – Plaintiff Jashnani has failed to provide releases for both his pre-RNC arrest and post-RNC arrest. Plaintiff Jashnani was deposed on July 23, 2007. He testified that he was arrested in 1998 in Columbus, Missouri while a passenger in a car with three other people who were throwing water balloons outside of the car. He could not recall what he was charged with, and was 16 at the time. Following his RNC arrest, Jashnani was then arrested in October 2004 in Chicago, Illinois. He believes he was charged with having an open container in public. See **Exhibit C**, pages 52 – 71. Jashnani's failure to provide releases for those arrests justifies dismissal of his emotional distress claims.

B. Plaintiffs Chris Dwyer and Dan Dwyer Belatedly Provided Releases for their Non-RNC Arrests so they Should be Required to Appear for Continued Depositions

1. Dwyer, Chris – Dwyer was deposed on October 12, 2007. He testified that he was arrested twice prior to his arrest at the RNC. He was first arrested in 1999 in Illinois for possession of marijuana. He also recalled being arrested when he was 17 for breaking a curfew law in Cook County, Illinois. See **Exhibit D** annexed hereto, pages 41 -45 of Chris Dwyer's deposition transcript. On January 11, 2008 we were provided with releases to obtain his records. See **Exhibit E** annexed hereto, Letter of Michael Spiegel dated January 11, 2008.

2. Dwyer, Dan - Dwyer was deposed on September 24, 2007. He testified that he was arrested in April 2006 in Chicago, Illinois while participating in a Critical Mass bike ride. He could not recall what he had been charged with. See **Exhibit F** annexed hereto, pages 20 – 24 of Dan Dwyer's deposition transcript. On January 11, 2008 we were provided with releases to obtain his arrest records. See **Exhibit E**.

IV.    **Relief Requested**

For the foregoing reasons, defendants respectfully submit that the Court enter an order:

1.    dismissing plaintiffs Corey Eastwood. Jesse Henry, and Guarav Jashnani's claims of emotional distress damages and injuries with prejudice due to their failure to provide medical and/or pharmaceutical releases;

2.    dismissing plaintiff Guarav Jashnani's claims for physical injuries and damages with prejudice due to his failure to provide medical and/or pharmaceutical releases;

3.    dismissing plaintiffs Corey Eastwood, and Guarav Jashnani's claims for emotional distress damages and injuries with prejudice due to their failure to provide releases for their arrest records;

4.    dismissing plaintiff Corey Eastwood's claims for false arrest with prejudice due to his failure to provide releases for their arrest records relating to pre-RNC, demonstration-related arrests;

5.    directing plaintiffs Chris Dwyer and Dan Dwyer to re-appear for continued depositions limited to inquiries concerning belatedly produced discovery; and

6.    grant such further relief as it deems just and proper.

Respectfully submitted,

/s *Alexis L. Leist*

Alexis L. Leist

cc:    Michael Spiegel, Esq.

- 4 -