# EXHIBIT B

THE LAW OFFICES OF

# MICHAEL L. SPIEGEL
111 Broadway, Suite 1305
New York, New York 10006
Tel: (212) 587-8558
Fax: (212) 571-7767

**SUBMITTED UNDER SEAL: REFERENCES CONFIDENTIAL INFORMATION**

February 29, 2008

**BY HAND**
Hon. James C. Francis IV
United States Magistrate Judge
United States District Court
500 Pearl Street, Room 1960
New York, NY 10007-1312

    Re:    Eastwood, et al. v. City of New York, et al.,
             05 Civ. 9483 (RJS)(JCF)

Dear Judge Francis:

I write in response to defendants' January 22, 2008 applications to dismiss some plaintiffs' claims in this action, and for other relief, on the grounds of alleged deficiencies in plaintiffs' discovery responses.

Defendants' motion should be denied in its entirety because defendants failed to meet and confer with plaintiffs' counsel regarding any of the specific discovery issues described in it. On the merits, many applications claiming that releases were not provided should be denied because plaintiffs provided them long ago, before plaintiffs' depositions. In all other cases, with the exception of two plaintiffs who have declined to provide mental health treatment releases, they should be denied because every requested release has been produced since the depositions.

**Defendants' Motion Should be Denied Because Defendants Did Not Meet and Confer Regarding the Discovery Issues Raised in Their Motion**

The Court issued an Order on November 26, 2007 requiring the parties to make motions "relating to a party deposition" by January 15, 2008 (later extended to January 22, 2008). On December 10, 2007 I wrote defendants' counsel, Mr. Beck, concerning discovery issues. In response to my queries concerning the outstanding discovery defendants were seeking, Mr. Beck directed me to letters from defendants which had accompanied the plaintiffs' deposition transcripts (the "deposition letters"). The deposition letters listed various supplemental discovery requests.

The parties met and conferred on December 27, 2007. On that date, I delivered responses to requests made in the deposition letters. During the meet-and-confer, Mr. Beck stated that defendants' expected motion would concern releases for records, but he did not specify any particular releases. The day after that meet-and-confer, on December 28, 2007, I wrote defendants' counsel,

> During our meet-and-confer you raised the issue of outstanding releases. Review of my files indicates that plaintiffs Dan and Chris Dwyer each had a non-RNC related arrest for which we have not yet provided releases. I have asked them to execute the necessary releases and will transmit them to you upon receipt. If there are any other releases which you believe have not been provided to the City, but should have been, please let me know so that I can make efforts to obtain them.[1]

I received no response to my request to be informed of any outstanding releases the City was seeking.

On January 14, 2008 this Court issued a Memo Endorsed Order which stated, "Any motion filed without compliance with the meet and confer requirement will be summarily denied." On January 16, 2008 Mr. Dougherty sent an e-mail – applicable to all RNC cases – with the subject line, "'Meet and Confer' Regarding Defendants' January 22, 2008 Motion."[2] Neither the e-mail, nor the meet-and-confer which occurred on December 27, 2007, met the requirements of F.R.Civ.P. 37(a)(1), which demands more:

> A "live exchange of ideas and opinions" is required. The meet-and-confer requirement mandates that parties actually
>
>> meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining ... what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific issues, if any, cannot be resolved without judicial intervention.

PRescient Partners, L.P. v. Fieldcrest Cannon, Inc., 1998 U.S. Dist. LEXIS 1826 at *7 (S.D.N.Y. Feb. 18, 1998) (citations omitted).

The failure to meet and confer is egregious in the circumstances of this case, because without exception, every application is either meritless or could have been resolved at the meet-and-confer. Compliance with the meet-and-confer requirement would have resulted in releases

---

[1] The December 28, 2007 letter is attached as Exhibit A.

[2] The January 16, 2008 e-mail is attached as Exhibit B.

being provided sooner, would have spared the Court the necessity of reviewing the voluminous briefing on defendants' motion, and would have saved plaintiffs' counsel the many hours required to prepare this response.

Plaintiffs' request that the Court deny defendants' motion in its entirety on the grounds that they have refused to comply with this Court's January 14, 2008 Memo Endorsed Order and the meet-and-confer requirement of Rule 37(a)(1).

**Mental Health History Releases**

A. Plaintiff Gaurav Jashnani

Defendants claim that "[p]laintiff Jashnani has failed to provide releases for his mental health treatment post-RNC." This is not true; plaintiff Jashnani provided all releases and documents before his July 23, 2007 deposition. By letters dated March 9, 2007 and March 26, 2007 plaintiff Jashnani listed all medical and mental health treatment providers, pharmacies, and insurance carriers, and transmitted releases for them.[3] The one exception was for insurance records, which the insurance provider would not release pursuant to a third-party release, but could only be directly requested by the policyholder. On July 10, 2007, at plaintiff's request, the insurance carrier transmitted plaintiff Jashnani's records to defendants.[4]

B. Plaintiffs Corey Eastwood and Jesse Henry

Plaintiffs Eastwood and Henry have declined to provide releases for any prior mental health treatment they may have received. Plaintiffs object to the dismissal of their claims for emotional distress for the reasons set forth in the February 9, 2007 Reply Memorandum in Support of Plaintiffs' Objections, Pursuant to Rule 72, F.R.Civ.P., to Magistrate Judge Francis' Order Dismissing Claims for Mental and Emotional Injury in Abdell v. City of New York, 05 Civ. 8453 (RJS)(JCF).[5]

Plaintiffs emphasize that they do not claim any actual psychological injury or diagnosable mental condition caused by defendants' conduct, and their mental suffering and emotional distress claims cover a period of limited duration, primarily occurring during the time of their arrest and incarceration. Furthermore, the plaintiffs will not offer any evidence at trial from a

---

[3] The March 9, 2007 letter is attached as Exhibit C; the March 26, 2007 letter is attached as Exhibit D.

[4] The July 10, 2007 letter from Anthem Blue Cross Blue Shield transmitting records to plaintiff, plaintiff's counsel and defendants' counsel is attached as Exhibit E.

[5] The February 9, 2007 Reply Memorandum in Support of Plaintiffs' Objections is attached as Exhibit F.

3

treating mental health provider or an expert.

The reasoning in Kerman v. The City of New York, 374 F.3d 93, 125 (2d Cir. 2004), leads to the conclusion that a plaintiff need not produce treatment records in the circumstances presented here. Kerman held that, upon proof of a false imprisonment, a plaintiff was entitled to general damages for the "time lost by the plaintiff during the period of detention and any mental suffering or humiliation sustained in consequence of the arrest or restraint." Kerman, 374 F.3d at 130-31, quoting McCormick, Handbook on the Law of Damages, § 107 at 375-76. Because they are general damages, those damages need not be pleaded and proved, but rather "'may be inferred from the circumstances of the arrest or imprisonment. . . .'" Id. at 125. In every false arrest and imprisonment case, plaintiffs have a right to recover damages for ordinary emotional distress, *whether they plead it or not.* Further, it follows that plaintiffs would have the right to describe that "mental suffering or humiliation sustained in consequence of the arrest" without waiving the psychotherapist-patient privilege attaching to records of treatment pre-dating the arrest and unrelated to it.

Since the briefing of this issue on the original Rule 72 application in Abdell, wherein plaintiffs relied upon Greenberg v. Smolka, 2006 U.S. Dist. LEXIS 24319 (S.D.N.Y. 2006), other decisions in this district have come to the same conclusion. In Kunstler v. The City of New York, 242 F.R.D. 261, 2007 U.S. Dist. LEXIS 35534 (S.D.N.Y. 2007) (Sweet, J.), plaintiffs resisted turning over psychological records concerning "an emotional injury that a well-adjusted person could be expected to suffer in like circumstances, a so called 'garden variety' distress claim," distinguishing such a claim from one for "a serious psychological injury." Id. at *5. That is exactly the kind of emotional injury plaintiffs herein are claiming. The Court, upholding Magistrate Judge Dolinger's Memorandum and Order, held that the defendants

> had not established the justification for turning over sensitive psychological information. Judge Dolinger's nuanced and careful analysis of the requirements for waiver, particularly after the psychotherapist privilege enunciated in *Jaffe,* represents the appropriate view of the issue and the authorities. The reasoning and the determination of fairness set forth in *Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975),* as cited by Judge Dolinger and the Court of Appeals for the Second Circuit in *United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991),* is compelling.

Id. at *6. For the foregoing reasons, incorporating by reference the arguments set forth in Exhibit F, plaintiffs Eastwood and Henry request that defendants' application be denied.

**Physical Injury Releases**

Defendants claim that "[p]laintiff Jashnani has failed to provide releases for any of the medical treatment he has received both prior to and subsequent to his arrest which all relate to his respiratory problems." This is not true; plaintiff Jashnani provided all releases for treatment of

4

the parties meet and confer on the need for and method of any reopened deposition.

                                                                   Respectfully submitted,

                                                                  Michael L. Spiegel

cc: A.C.C. Curt P. Beck (by hand)