UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

COREY EASTWOOD, et al,

                Plaintiffs,

   -versus-                                  05 CIV. 9483 (RJS)(JCF)

THE CITY OF NEW YORK, et al.,

                                  **Oral Argument Requested**

                Defendants.

------------------------------------------------------------x


**DEFENDANTS' OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 FROM AN ORDER OF MAGISTRATE JUDGE JAMES C. FRANCIS IV PRECLUDING THREE WITNESSES FROM TESTIFYING AT TRIAL**


                                                MICHAEL A. CARDOZO
                           Corporation Counsel of the City of New York
                                     *Attorneys For Defendants*

                                                   **Curt P. Beck**
                           Special Assistant Corporation Counsel
                            Special Federal Litigation Division
                                       100 Church Street
                                 New York, New York 10007
                                        212.676.1395 (ph)
                                        212.788.9776 (fax)


**March 24, 2009**

## PRELIMINARY STATEMENT

Defendants file these objections pursuant to Rule 72 of the Federal Rules of Civil Procedure to a February 25, 2009 memo-endorsed order (the "Preclusion Order")[1] of Magistrate Judge James C. Francis IV. The Preclusion Order, in pertinent part, precluded three critical eye-witnesses from testifying on behalf of the City at trial of this matter. The Preclusion Order is clearly erroneous and contrary to law for several reasons.

First, the three witnesses were identified for the first time in this four-year old litigation by a non-party witness at a duly court-authorized deposition on January 15, 2009. Second, the City complied with its obligations under Federal Rule of Civil Procedure 26 by immediately supplementing its discovery responses on the same day the three new eye-witnesses were first identified to both plaintiffs and defendants. Third, no order was ever entered in the Consolidated RNC Cases or in this individual matter which closed discovery or otherwise prohibited defendants from deposing newly identified witnesses. Finally, Magistrate Judge Francis did not perform the analysis required to grant the extraordinary sanction of witness preclusion under either the Federal Rules of Civil Procedure or the Second Circuit's holding in <u>Softel, Inc. v. Dragon Medical and Scientific Communications, Inc.</u>.

The sole basis proffered by Magistrate Judge Francis for the Preclusion Order was the reasoning set forth in a memorandum and order dated October 9, 2008 (the "October 9th Order"). In that order, Magistrate Judge Francis held that discovery in the *Schiller* and *Dinler* cases had proceeded on a separate track from the Consolidated RNC Cases and was now closed. However, the October 9th Order was not docketed in the Consolidated RNC Cases or in the individual

---

[1] Magistrate Judge Francis' February 25, 2009 Order will be referred to as the "Order" and is Exhibit 1 to the Beck Declaration (hereinafter, cited as "Beck Decl. Exhibit A) submitted herewith. Specifically, the memo-endorsement appears on page 6 of Exhibit 1.

Eastwood case. For that reason, the October 9th Order was not relied upon by plaintiffs in its motion to preclude in this matter and thus not addressed by the parties in briefing before Magistrate Judge Francis. Furthermore, defendants filed objections to the October 9th Order pursuant to Fed. R. Civ. Pro. 72(a); briefing on those objections has been fully submitted and is currently *sub judice* before this Court. The Preclusion Order at issue here should be reversed for the same reasons set forth in defendant's Rule 72(a) objections to the October 9th Order. In addition, its application in this matter is error for four additional reasons.

First, the October 9th Order, by its own terms and logic, not only fails to support the Preclusion Order issued by Magistrate Judge Francis but flatly undermines it because in that instance Judge Francis identified a specific order that he issued in those cases that was allegedly violated. Second, the October 9th Order addressed the narrow and specific issue of whether discovery was closed under the individual case management orders allegedly entered in the *Schiller* and *Dinler* cases. However, there is no case management order in the Eastwood case or any other order closing discovery in this matter. In fact, as of the date of this filing, discovery in Eastwood is still ongoing; depositions are scheduled to take place through April 2009 in order to accommodate plaintiffs' counsel's two recent trials and the travel itineraries of plaintiffs, one of whom is presently sojourning in South America.

Third, the late date that the witnesses were identified was not the result of defendant's dilatoriness, disregard or persistent failure to comply with Magistrate Judge Francis's discovery orders -- which is the high standard required to justify the drastic sanction of preclusion. The non-party witness who first identified the three new eye-witnesses during his court-authorized deposition on January 15, 2009, was the only person who had been able to identify them. Furthermore, in briefing before Magistrate Judge Francis, defendants documented the extensive steps that they had taken to identify the witnesses prior to that date. Magistrate Judge Francis disregarded those efforts in precluding testimony by these important witnesses of the event that

gave rise to this litigation. Finally, Magistrate Judge Francis's failure to perform the analysis required under Softel or Second Circuit authority interpreting Federal Rule 37 or to identify any Federal Rule of Civil Procedure or discovery order allegedly violated by defendants before imposing one of Rule 37's most extraordinary sanctions is clearly erroneous and contrary to law.

Accordingly, defendants respectfully request that this Court reverse and vacate that portion of the Preclusion Order precluding three eye-witnesses from testifying at a trial of this matter.

## FACTUAL BACKGROUND

On August 31, 2004 at about 10:00pm, during the RNC, a large group, with no permit to march or assemble, proceeded to march from Times Square up Broadway. At that time, an RNC delegate function was taking place at Noche Restaurant at Broadway and 49th Street under the protection of both the New York Police Department ("NYPD") and private security guards. As the group approached Noche, one of the individuals in the group, plaintiff Corey Eastwood, attacked an NYPD Captain, spat on another, and, as a result, was pepper sprayed and arrested. Beck Decl. Exhibit 2 at ex. C (Palumbo Tr. pp. 35-45, 58-59). The incident further escalated and resulted in the arrests of the four other plaintiffs in this case. Some of these events are captured on a plaintiff-produced video tape. Beck Decl. Exhibit 3.

## PROCEDURAL HISTORY

On January 22, 2008, defendants noticed the deposition of an unidentified civilian (now known to be Mr. Louis Palumbo) using a John Doe Notice. Beck Decl. Exhibit 2 at p. 2. Defendants and plaintiffs then worked collaboratively to identify and locate Mr. Palumbo, who both parties wanted to depose. Id. In October of 2008 defendants successfully identified and located Mr. Palumbo and provided this information to plaintiffs' counsel. At that time, Mr. Palumbo informed the parties that he had in fact witnessed the illegal activity of the five

3

Eastwood plaintiffs. Beck Decl. Exhibit 2 at p. 2. Plaintiffs' counsel then insisted that he be the one to issue the subpoena for Mr. Palumbo's deposition, which he did on October 31, 2008.[2]

In order to accommodate plaintiffs' counsel's trial schedule and Mr. Palumbo's schedule, defendants acceded to plaintiffs' request that the deposition take place on January 15, 2009.[3] Both the deposition and the date were approved by Magistrate Judge Francis.[4]

During Mr. Palumbo's court authorized deposition on January 15, 2009, he identified four new eye-witnesses. Id. at p. 2. Those four witnesses are: Messrs. Giacco, Trent, and Donahue, all plain-clothed officers with the NYPD and Mr. Walter Hampton[5], also a plain-clothed member of the Los Angeles Police Department who was employed by Mr. Palumbo during the RNC to provide security at delegate functions.[6] As defendants emphasized in briefing before Magistrate Judge Francis, although the witnesses are visible in videotapes of the incident, none wore an NYPD uniform or bore any signs of being a police officer with the NYPD or any other law enforcement agency. They were thus indistinguishable from other civilians in the video.[7]

On January 15, 2009, immediately at the conclusion of Mr. Palumbo's deposition, defendants orally informed plaintiffs counsel that they were supplementing their discovery responses in accordance with Fed. R. Civ. Pro. 26 and were amending defendants' notice of undeposed non-party witnesses to include the four new witnesses identified by Mr. Palumbo.[8] By

---

[2] Beck Decl. Exhibit 2 at ex. A.
[3] Beck Decl. Exhibit 2 at p. 2.
[4] Beck Decl. Exhibit 2 at p. 4.
[5] Only Messrs. Giacco, Trent and Donahue are at issue in this appeal. Magistrate Judge Francis rejected plaintiffs' arguments to have Mr. Hampton precluded. Beck Decl. Exhibit 1 at p. 6. His deposition has not yet been scheduled.
[6] Beck Decl. Exhibit 2 at ex. C (Palumbo Tr. p. 25).
[7] See e.g., Beck Decl. Exhibit 2. at p. 7.
[8] Beck Decl. Exhibit 2 at p. 3.

e-mails dated January 16, 21, and 30, 2009 defendants consented to have these witnesses deposed at any time that was convenient for plaintiffs' counsel.[9]

On February 4, 2009, plaintiffs moved to preclude the four new eye-witnesses from testifying at trial. Beck Decl. Exhibit 1. Plaintiffs argued that defendants were precluded from supplementing their discovery responses or from amending their notice of trial witnesses by operation of three separate orders issued in the Consolidated RNC Cases. Id. However, none of the orders was a case management order or any order closing discovery in the Eastwood case. The three orders upon which plaintiffs based their motion were: (i) the Court's June 15, 2007 Order, (ii) the Court's November 26, 2007 Order, or (iii) the Court's March 19, 2008 Order (collectively, the "Three Orders"). More specifically, plaintiffs argued that because one or another of the Three Orders barred defendants from supplementing their discovery responses and amending their notice of trial witnesses, defendants were required to show that they could meet the test set forth in Softel, Inc. v. Dragon Medical And Scientific Communications, Inc., et al., 118 F.3d 955 (2d Cir. 1997), and that defendants could not meet that test. Id.

On February 17, 2009 defendants opposed plaintiffs' application. In that opposition defendants demonstrated that (i) none of the Three Orders (or any other Order) applied to the circumstances before the Court, (ii) accordingly, the *Softel* test was not applicable, and (iii) even if one of the Three Orders could arguably have barred defendants from complying with Rule 26 or identifying the newly identified witnesses as potential trial witnesses, defendants met the four factor *Softel* test. Beck Decl. Exhibit 2 at pp. 1-10.

On February 25, 2009 Magistrate Judge Francis granted plaintiffs' motion to preclude three of the four new witnesses from testifying at trial. The Preclusion Order stated, in pertinent part:

---

[9] Id.

5

> "Application granted with respect to witnesses Trent, Donahue, and Giacco, substantially *for the reasons set forth in my 10/9/08 Memorandum and Order*. Defendants have not demonstrated that they made reasonable effects to identify police personnel on the scene. Application denied with respect to witness Hampton who could not reasonably have been identified prior to Palumbo's deposition.

See Beck Decl. Exhibit 1 at p. 6 (emphasis added).

## ARGUMENT

### THIS COURT SHOULD REVERSE THAT PORTION OF THE ORDER PRECLUDING MESSRS. TRENT, GIACCO, AND DONAHUE FROM TESTIFYING AT TRIAL

A.   **Standard of Review**

Sanctions pursuant to Fed. R. Civ. P. 37 for noncompliance with discovery orders are typically within the discretion of the magistrate judge, reviewable by the district court under the "clearly erroneous or contrary to law" standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). A finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." American Stock Exchange v. Mopex, Inc., 215 F.R.D. 87, 90 (S.D.N.Y. 2002), (citing Derthick v. Bassett-Walker Inc., 1992 U.S. Dist. LEXIS 14505, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992)) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 394 (1948)). Pursuant to this standard of review, reversal of a magistrate's order is appropriate upon a finding that discretion was abused. Id. (citing Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, 1999 WL 1007346, at *2 (E.D.N.Y. Sept. 21, 1999)).

A magistrate judge "abuses" or "exceeds" the discretion accorded to the court when the challenged decision (1) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of

6

permissible decisions. Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 169 (2d Cir. 2001) (overruled on other grounds).

Courts in this Circuit have consistently held that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy that is highly disfavored and should be granted with caution. Ebewo v. Martinez, 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004).[10]  Before granting the extraordinary sanction of preclusion, a judge must identify the specific Federal Rule of Civil Procedure or discovery order violated, establish that the violation caused extreme prejudice to the party seeking sanctions and consider less drastic options. Outley v. City of New York, 837 F.2d 587, 591 (2d. Cir 1988) (*reversing a jury verdict* and holding that the trial court abused discretion in precluding two eyewitnesses from testifying); See also Travel Sentry, Inc., v. Tropp, 2008 U.S. Dist. LEXIS 39697 (E.D.N.Y. May 15, 2008) (holding preclusion too extreme of a sanction where documents were intentionally withheld); Jacob v. Bon Secours, 2008 U.S. Dist. LEXIS 41606 (S.D.N.Y. May 28, 2008) (declining to preclude expert where report produced late without good explanation); Schiller v. The City of New York, 2007 U.S. Dist. LEXIS 16935 at * 13 (S.D.N.Y. March 12, 2007), ("where the evidence at issue is critical, only extreme misconduct on the part of the party proffering the evidence or extreme prejudice suffered by the party seeking sanctions would justify the extraordinary sanction of preclusion.") (internal citations and quotations omitted).

Magistrate Judge Francis abused his discretion by granting the onerous sanction of precluding trial testimony by critical eyewitnesses without engaging in the analysis dictated by the Second Circuit Court of Appeals.  Furthermore, application of the required analysis

---

[10]   See also 40 Gardenville v. Travelers Property Casualty, 2004 U.S. Dist LEXIS 8846 at *8 (W.D.N.Y. April 22, 2004) ("Preclusion of evidence is ultimately for District Judge to determine"); Oceans Cuisine, LTD. v. Fishery Products, Int'l, 2006 U.S. Dist. LEXIS 22133 at *21 (E.D.N.Y. April 21, 2006) (overturning preclusion order as premature).

7

establishes that neither the sanction of witness preclusion, nor any other sanction, is warranted on the facts of this dispute.

### B. No Order Barred Defendants From Complying With Rule 26(e) by Supplementing their Discovery Responses to Plaintiffs Interrogatories

Magistrate Judge Francis' implicitly rejected both defendants' and plaintiffs' arguments regarding the Three Orders and relied instead on the reasoning set forth in the October 9th Order. However, the reasoning in that order concerned the narrow and specific issue of whether discovery was closed under the individual case management orders entered in *Schiller/Dinler*. The facts of the instant dispute are materially distinct from that matter, however, because neither a case management order nor any order closing discovery was entered or docketed in Eastwood. Magistrate Judge Francis's reliance on the October 9th Order to preclude trial testimony by newly discovered eye-witnesses in this matter is thus clearly erroneous and contrary to law.[11] (For the convenience of the Court, the "October 9, 2008 Memorandum and Order" in *Schiller/Dinler* is annexed to the Beck Decl. as Exhibit 4.). Furthermore, defendants have filed Rule 72(a) Objections to the October 9th Order which have been fully briefed and currently *sub judice* before your Honor. For reasons set forth in those objections, which defendants hereby incorporate by reference, Magistrate Judge Francis's application of the October 9th Order to preclude trial testimony by these eyewitnesses also fails. Should Your Honor reverse the *Schiller/Dinler* order, then the order in Eastwood should also be reversed and the Court need go no further. Moreover, application of the October 9th Order to the facts of this dispute is error for several additional reasons.

    *1.*    <u>The October 9, 2008 Order Is Inapplicable to Eastwood</u>

---

[11] Defendants incorporate by reference both the *Schiller/Dinler* and the Eastwood docket sheets. The docket sheet in Eastwood demonstrates that the *Schiller/Dinler* order was never Continued...

8

The "October 9, 2008 Memorandum and Order" upon which Magistrate Judge Francis based his order was entered in the *Schiller/Dinler* cases only. It was never entered or docketed in the Consolidated RNC Cases or in the individual Eastwood case. This was so because Magistrate Judge Francis reasoned that the *Schiller* and *Dinler* matters were governed by a discovery schedule and case management order that is separate and distinct from all of the other Consolidated RNC Cases, including Eastwood. For that very reason, plaintiffs did not cite or rely upon the October 9th Order in their February 4th application to preclude trial testimony by the witnesses at issue here. By relying upon an order that by its terms applied only to the *Schiller* and *Dinler* matters, Magistrate Judge Francis abused his discretion. That order – which defendants in Eastwood could not have violated because it clearly did not apply to them or any of the other Consolidated RNC Cases -- simply can not serve as a basis for the "extreme sanction" of witness preclusion under Rule 37.

Moreover, because the October 9th Order was not one of the Three Orders upon which plaintiffs relied for their February 4th application, defendants were never given the opportunity to address why that order provides no basis to preclude witnesses from testifying at trial. Even if the October 9th Order had been docketed in the Consolidated RNC Cases, "the reasons set forth" therein could not have applied to the facts of this dispute because, unlike the *Schiller/Dinler* cases where there were case management orders (which defendants argued was superseded by Judge Karas's discovery consolidation order), neither an individual case management order or any other order closing discovery was ever entered in the Eastwood case. Furthermore, it is

---

entered in Eastwood and that no case management order closing discovery was ever entered in Eastwood.

9

undisputed that fact discovery in this case is ongoing and is scheduled to continue at least into April, 2009. Beck Decl. Exhibit 2 at pp. 4, 8.[12]

### 2. *There is no CMO in Eastwood*

As Magistrate Judge Francis specifically noted in the October 9th Order, a "discovery deadline" *was* entered in the *Schiller* and *Dinler* matters. Thus, that dispute concerned whether the discovery deadline there was superseded by Judge Karas's discovery consolidation orders. Beck Decl. Exhibit 4 at p. 3. However, the Eastwood docket establishes the indisputable fact that no discovery deadline was ever set or entered in this matter. Thus, the very premise of the October 9th Order in *Schiller/Dinler* is inapplicable to this dispute. For this reason, Magistrate Judge Francis abused his discretion by relying upon the October 9th Order to preclude trial testimony by the newly identified eye-witnesses in this case. Absent violation of a discovery order that applied either to the Consolidated RNC Cases or specifically to the Eastwood matter, there simply can be no basis for Rule 37 sanctions in this case.

Finally, the October 9th Order states that "[t]here is no doubt that defendants breached their Rule 26 discovery obligations either by failing to disclose fully at the outset or by subsequently failing to supplement in a timely manner. Either way, the defendants' actions trigger sanctions under Rule 37(c)." Id. p. 11. That rationale does not apply in Eastwood. The Eastwood parties never had an obligation "to disclose fully at the outset" because they waived mandatory initial disclosures. Instead, the parties conducted discovery by document request, interrogatories and responses. In addition, defendants, in fact, complied with Fed. R. Civ. Pro. 26 by supplementing their discovery responses in a timely manner -- more specifically on the very day that Mr. Palumbo identified Messrs. Trent, Giacco, and Donahue as eyewitnesses.

---

[12]   Nor have defendants yet received the I-Witness video materials which may contain evidence pertinent to the Eastwood arrests.

Thus, neither of the only two bases cited by Magistrate Judge Francis in the October 9th Order support the drastic sanction of witness preclusion on the facts of this dispute. His reliance on that order was an abuse of discretion that warrants reversal.

### C. The Preclusion Order Is Clearly Erroneous And Contrary to Law Because Magistrate Judge Francis Failed to Apply the Softel Test.

As demonstrated above, no order exists closing discovery in Eastwood or otherwise prohibiting defendants from complying with (i) their discovery obligations under Rule 26, or (ii) amending their Notice of Trial Witnesses. For this reason there simply was no basis for Magistrate Judge Francis to sanction defendants under Rule 37 by precluding three newly identified witnesses from testifying at trial. The Preclusion Order is especially unwarranted given that court ordered depositions of plaintiffs are still taking place in Eastwood. Thus, plaintiffs would not suffer any prejudice by having to depose three newly identified defense witnesses.[13]

However, assuming, *arguendo*, that there was an order in Eastwood cutting off discovery and assuming defendants had violated that order, then, as the Second Circuit's ruling in Softel, Inc. v. Dragon Medical And Scientific Communications, Inc., et al., 118 F.3d 955 (2d Cir. 1997) makes clear, there is a specific analysis to be performed by the Court before precluding witnesses from testifying at trial. However, Magistrate Judge Francis did not apply or perform that analysis before imposing the extraordinary sanction of preclusion.

Accordingly, either (i) there was an order which defendants violated (and there was not), which then would have required Magistrate Judge Francis to apply the Softel analysis (and he did not) or (ii) there was no such order and Magistrate Judge Francis, contrary to law, sanctioned defendants under Rule 37. Either way, nothing in defendants' actions trigger

11

sanctions under Rule 37(c). See also Beck Decl. Exhibit 4 at 11. Accordingly, Magistrate Judge Francis abused his discretion by precluding the newly identified witnesses from testifying at trial.

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request the Court vacate that portion of Magistrate Judge Francis IV's February 25, 2009 memo-endorsed Order that precluded Messrs. Trent, Giacco and Donahue from testifying at trial pursuant to Federal Rule of Civil Procedure 37 and grant such further relief as the Court deems appropriate.

Dated: New York, New York
       March 24, 2009

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorneys for Defendants
100 Church Street
New York, New York 10007
212.788.8026

By: _____
Curt P. Beck

Special Assistant Corporation Counsel
Special Federal Litigation Division

---

[13] This is especially so since each non-party deposition in Eastwood has lasted only approximately one hour. Beck. Decl. Exhibit 2 at p. 9.

12