UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
COREY EASTWOOD, et al.

                       Plaintiffs,

    -versus-

THE CITY OF NEW YORK, et al.,          **05 Civ. 9483 (RJS)(JCF)**

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - - - - x


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' RULE 72 OBJECTIONS TO THE FEBRUARY 25, 2009 ORDER OF
MAGISTRATE JUDGE JAMES C. FRANCIS IV
PRECLUDING THREE WITNESSES FROM TESTIFYING AT TRIAL**


                                                    MICHAEL L. SPIEGEL, ESQ.
                                                    111 Broadway, Suite 1305
                                                    New York, NY 10006
                                                    (212)587-8558

                                                    *Attorney for Plaintiffs*


April 9, 2009

**INTRODUCTION**

Defendants object to Magistrate Judge James C. Francis IV's February 25, 2009 Memo Endorsed Order (the "Feb. 25 Order"), which reads in pertinent part, "Application [to preclude] granted with respect to witnesses Trent, Donahue, and Giacco, substantially for the reasons set forth in my October 9, 2008 Memorandum and Order.  Defendants have not demonstrated that they made reasonable efforts to identify police personnel on the scene."

The grounds for Judge Francis' order are self-evident – defendants' failure to make "reasonable efforts to identify police personnel" at the incident.  Defendants, however, have intentionally ignored the plain meaning of the Feb. 25. Order, and have devoted their entire briefing to this Court to support an argument that the October 9th Order referenced in Judge Francis (the October 9, 2008 Memorandum and Order in the Schiller case) does not apply to this case.  Obviously, Judge Francis did not say that it did; His Honor merely explained that the reasoning in that prior order supported his conclusion in this case.  Because defendants' Rule 72 Objections do not address the actual basis for the Feb. 25. Order – that they did not make reasonable efforts to identify police personnel at the incident – their application to this Court should be summarily dismissed.  Judge Francis' decision was not "clearly erroneous or [] contrary to law."  F.R.Civ.P. 72(a).

**PROCEDURAL HISTORY AND PRIOR ORDERS ISSUED BY JUDGE FRANCIS**

In January 2009, four and a half years after this case was filed, defendants first informed plaintiffs that they intended to rely upon three police officers who were at the incident as trial witnesses: NYPD officers Trent, Donahue, and Giacco.  This delinquent notice was in contravention of several prior discovery orders issued by Judge Francis in this extended RNC

1

litigation. These orders set forth deadlines for parties to list witnesses, and to complete depositions of those witnesses, "absent a showing that the witness could not reasonably have been identified" in a timely fashion. (June 15, 2007 Order entered in all RNC cases, attached to April 9, 2009 Declaration of Michael L. Spiegel ("Spiegel Decl.") as Exhibit A.) In the Feb. 25 Order, Judge Francis correctly concluded that "[d]efendants have not demonstrated that they made reasonable efforts to identify police personnel" at the scene of the incident giving rise to this case. Nor have defendants demonstrated to this Court that Judge Francis was wrong, or that they made *any* efforts – let alone reasonable efforts – to identify the proposed witnesses.

In Judge Francis' efforts to manage the different phases of discovery in the Consolidated RNC Cases, he issued an Order applicable to all RNC cases on June 15, 2007, which set forth dates by which all defense witnesses and all plaintiffs were to be deposed (Spiegel Decl. Exhibit A.) At paragraph 4, the June 15, 2007 Order stated, "[a]fter June 29, 2007, no additional fact witnesses shall be noticed for deposition absent: (a) agreement of the parties or (b) a showing that the witness could not reasonably have been identified prior to that date." Depositions of all defense witnesses and plaintiffs were completed by November 16, 2007 pursuant to that Order.

On November 26, 2007, Judge Francis issued an Order applicable to all RNC cases setting a January 15, 2008 deadline for "[a]ny motion relating to a party deposition" and requiring that "[n]otices of deposition for any non-party witnesses identified as a result of party depositions [] be served by January 15, 2008 [later extended to January 22, 2008]." (Spiegel Decl. Exhibit B.)

Finally, directly relevant to defendants' motion, on March 19, 2008, Judge Francis issued an Order applicable to all RNC cases requiring that "[b]y March 31, 2008 [later extended to April

2

4, 2008] counsel for all parties shall identify all non-party fact witnesses that they reasonably expect to testify at trial on behalf of their respective clients." (Spiegel Decl. Exhibit C.)

These three orders were all attached as exhibits to plaintiffs' February 4, 2009 application to Judge Francis to preclude the proposed trial witnesses named by defendants in January 2009.

## RELEVANT BACKGROUND FACTS

This case involves a relatively small incident which took place on August 31, 2004, shortly after 10:00 p.m., during the RNC. The five plaintiffs in this case allege that they were wrongfully arrested at that time. Three of the plaintiffs were participating in a sidewalk demonstration with approximately twenty other people which originated in the Times Square area, and then proceeded north on the east sidewalk of Broadway. At the time the protesters approached 49th and Broadway, there was a small squad of approximately five to ten uniformed and plainclothes police officers in the immediate vicinity. As the group of protesters approached the corner of 49th Street and Broadway, plaintiff Corey Eastwood was pepper sprayed and arrested outside the Noche Restaurant, where a Republican Party event was taking place.

After Eastwood was arrested, approximately 10-20 more officers arrived. The four other plaintiffs were arrested on the opposite side of Broadway about ten minutes after plaintiff Eastwood was arrested. The five plaintiffs were the only persons arrested during the incident.

Four videotapes of the incident were produced during discovery.

On January 15, 2009, plaintiffs conducted the deposition of Mr. Lou Palumbo, a non-party witness offered by defendants. Palumbo owns a private security agency, and he was retained by the New York State Republican Party delegation attending the RNC to provide security at the event being held at the Noche Restaurant that evening. While viewing videotapes

3

of the incident during the deposition, Palumbo identified four men, including the three police officers at issue here.  Shortly after the deposition, Assistant Corporation Counsel Curt P. Beck notified me that defendants wished to list the four men as trial witnesses.  Defendants have claimed that they only discovered the identity of the witnesses at the January 15, 2009 deposition.  Regardless of whether that is, in fact, true, it does not address defendants' responsibility to have conducted a reasonable investigation to identify police witnesses within the time set by Judge Francis for notifying plaintiffs of defense witnesses.

## ARGUMENT

Defendants claim that "no order was ever entered in the Consolidated RNC Cases or in this individual matter which closed discovery or otherwise prohibited defendants from deposing newly identified witnesses."  (Defendants' Objections at p. 1.)  With reference to the June 15, 2007, the November 26, 2007, and the March 19, 2008 Orders (the "Three Orders") described above, defendants aver that "none of the orders was a case management order or any order closing discovery in the Eastwood case . . . none of the Three Orders (or any other Order) applied to the circumstances before the Court."  (Defendants' Objections at p. 5.)  Defendants do not support these conclusory assertions with any argument whatsoever.  Defendants do not deny, and implicitly concede, that the Three Orders were applicable to this case.  Clearly, the Three Orders were intended to set deadlines for the parties to proffer witnesses they intended to use at trial, so that discovery could be completed with respect to them.  Clearly, the Three Orders required any party who wished to proffer witnesses for use in the RNC litigation to conduct a reasonable investigation to identify them: "no additional fact witnesses shall be noticed for deposition absent . . . a showing that the witness could not reasonably have been identified prior to that date."  June

29, 2007 Order (Spiegel Decl. Exhibit A).

Defendants further erroneously claim that "[t]he sole basis proffered by Magistrate Judge Francis for the [Feb. 25 Order] was the reasoning set forth in a memorandum and order dated October 9, 2008 (the "October 9th Order")." (Defendants' Objections at p. 1.) In light of the fact that Judge Francis' explicitly stated the reason for granting plaintiffs' application to preclude the three witnesses – *i.e.*, defendants' failure to reasonably investigate in order to identify witnesses – defendants' argument is frivolous.

In the Feb. 25 Order, Judge Francis noted that he was granting plaintiffs' application to preclude the police officer witnesses "substantially for the reasons set forth in my October 9, 2008 Memorandum and Order." (The October 9th Order was entered in Schiller v. The City of New York, 04 Civ. 7922 (RJS)(JCF) and Dinler v. The City of New York, 04 Civ. 7921 (RJS)(JCF).) The October 9th Order, in relevant part, related to witnesses defendants propounded after the cutoff of discovery in those cases. In the litigation leading to the October 9th Order, as here, the defendants "allege[d] that it was 'nearly impossible' to identify the [] new witnesses by December 2006." (October 9th Order, attached as Exhibit 4 to Declaration of Curt Beck, at p. 11.) As Judge Francis immediately stated in the October 9th Order, "the defendants offer no further explanation for this unlikely proposition as it pertains to their own employees." Judge Francis then concluded, "there is simply no excuse for their delay. In sum, the defendants have failed to justify why any of the [] witnesses were not directly disclosed to the Schiller and Dinler plaintiffs in a reasonably timely manner." (October 9th Order, at pp. 11-12.) In the Feb. 25 Order, after referencing the reasoning in the October 9th Order, Judge Francis stated, "[d]efendants have not demonstrated that they made reasonable efforts to identify police

5

personnel on the scene" in this case.

Defendants' Rule 72 motion completely sidesteps the actual basis for Judge Francis' decision, and nowhere addresses it. Instead, they claim that "Magistrate Judge Francis implicitly rejected both defendants' and plaintiffs' arguments regarding the Three Orders and relied instead on the reasoning set forth in the October 9th Order." (Defendants' Objections at p. 8.) Defendants provide no explanation for this bizarre conclusion. At the risk of stating the obvious, the Feb. 25 Order's reference to the *reasons* set forth in the October 9th Order did not mean that the precise factual scenario which led to that Order were decisive here, especially when the reference to the October 9th Order was followed by a sentence explicitly stating that "[d]efendants have not demonstrated that they made reasonable efforts to identify police personnel on the scene."

Having cast aside the actual basis for Judge Francis' decision, defendants' entire legal argument attacks the straw man of the October 9th Order, and never again mentions the Three Orders which were the foundation for Judge Francis' ruling. Indeed, defendants did not provide the Three Orders to this Court as exhibits with their brief.

Finally, defendants briefly turn to the test outlined in Softel v. Dragon Med. & Scientific Commun's, Inc., 118 F.3d 955 (2d Cir. 1997). In this respect, the October 9th Order is again pertinent in explaining Judge Francis' reasoning, since it discusses the Softel factors at some length. (October 9th Order at pp. 11-17.) The first prong is the proffered justification for the delay in naming the witnesses, discussed above, and discussed in the October 9th Order at pp. 11-12. The second prong addresses the importance of the evidence at issue. In this case, the defendants did not make a proffer to Judge Francis concerning the significance of the testimony

purportedly obtainable only from the three newly-named witnesses.  Likewise, they make no proffer to this Court, but merely offer the conclusory assertion that the three police officers are "critical eye-witnesses."  (Defendants' Objections at p. 1.)

Like the <u>Schiller</u> and <u>Dinler</u> cases, this case is ripe for the submission of dispositive motions, awaiting only the resolution of the pending Rule 72 motion relating to the Intelligence Division documents, and the depositions of high-ranking police officials which will follow.  The only remaining fact-witness deposition in this case is of the single person whom Judge Francis decided could not reasonably have been discovered by defendants before the January 15, 2009 Palumbo deposition.  It appears that defendants believe that they may go on naming witnesses until the eve of trial, ignoring their responsibility to conduct reasonable investigations to identify them, and in contravention of Judge Francis' explicit discovery management orders.  The Feb. 25 Order is not "clearly erroneous or [] contrary to law."  F.R.Civ.P. 72(a).

Dated: New York, New York
April 9, 2009

                                                    s/
MICHAEL L. SPIEGEL, ESQ.
111 Broadway, Suite 1305
New York, NY 10006
(212)587-8558

*Attorney for Plaintiffs*