# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

№ 05 Civ. 9483 (RJS)

---

COREY EASTWOOD, *et al.*,

Plaintiffs,

VERSUS

THE CITY OF NEW YORK, *et al.*,

Defendants.

---

ORDER
October 27, 2009

---

RICHARD J. SULLIVAN, District Judge:

Before the Court are Defendants' objections, pursuant to Rule 72 of the Federal Rules of Civil Procedure, to an order issued by the Honorable James C. Francis IV, Magistrate Judge, dated February 25, 2009, precluding three previously unnoticed witnesses from testifying for Defendants at trial (the "February 25 Order").[1] For the reasons set forth below, the Court affirms the February 25 Order and denies Defendants' objections.

## I. BACKGROUND

This action is part of a larger group of actions relating to protests surrounding the 2004 Republican National Convention (the "RNC cases"), which have been consolidated before this Court and referred to Magistrate Judge Francis for general pretrial purposes. Plaintiffs in this action were arrested by the New York City Police Department ("NYPD") during the RNC and have asserted several tort and constitutional claims against the City of New

---

[1] The order granted Plaintiffs' preclusion application as to Lance Trent, Billy Donahue, and Steve Giacco.

York and individual NYPD officers.[2] The Court presumes the parties' familiarity with the facts and procedural history of this action, including those facts specifically related to this application. Below, the Court briefly recites only those facts necessary to the resolution of Defendants' objections.

In an order dated June 15, 2007 (the "June 15 Order"), Magistrate Judge Francis set a June 29, 2007 deadline for the parties to agree on specific deposition dates for identified defense witnesses and to serve notices of depositions on additional fact witnesses. This order provided that "absent agreement of the parties or a showing that the witness could not reasonably have been identified prior to that date," the parties were expected to have identified and noticed all fact witnesses by June 29, 2007. (June 15 Order.)

Thereafter, in an order dated November 26, 2007, (the "November 26 Order"), Magistrate Judge Francis set a January 15, 2008 deadline for any motion relating to a party deposition, as well as for serving notices of depositions on any non-party witness identified as a result of party depositions served by that date. On March 19, 2008, Magistrate Judge Francis set another deadline of March 31, 2008, to identify "all non-party fact witnesses whom either party reasonably expected to testify at trial" (the "March 19 Order").[3] The March 19 Order further provided that "[a]bsent exceptional circumstances, depositions of fact witnesses are concluded." (Id.) Finally, on October 1, 2008, Magistrate Judge Francis granted Defendants'

application to extend the deadline for completing non-party depositions to November 17, 2008, stating at the time that "no further extensions" would be granted (the "October 1 Order").

On January 15, 2009, Plaintiffs completed the deposition of Louis Palumbo, the owner of a private security agency retained by the New York State Republican Party delegation to provide security at the arrest location on the night in question. (Letter of Michael Spiegel dated February 4, 2009 (the "Spiegel Letter"), at 2-3.) During this deposition, Palumbo identified four men from videotapes of the incident. (Declaration of Curt Beck (the "Beck Decl."), Ex. 2 at 6.) Three of these men, Lance Trent, Billy Donahue, and Steve Giacco, were police officers with the NYPD, while the fourth, Walt Hampton, was Palumbo's employee on the night of the arrests. (Id. at 7.) Thereafter, Defendants sought to list the four men as party witnesses for trial. (Id. at 3.) Plaintiffs objected on the grounds that Defendants failed to make reasonable inquiries to identify them earlier. (See Spiegel Letter at 2.)

In deciding Plaintiffs' application, Magistrate Judge Francis granted preclusion as to Trent, Donahue, and Giacco, but denied the objection to Hampton on the basis that Hampton "could not reasonably have been identified prior to Palumbo's deposition." (February 25 Order.) As to the three other witnesses, Magistrate Judge Francis found that preclusion was proper "substantially for the reasons set forth in my October 9, 2008 Memorandum and Order.[4] Defendants have not demonstrated that they made reasonable efforts to identify police personnel on the scene." (Id.) The instant objection followed.

---

[2] Plaintiffs allege false arrest, false imprisonment, assault, battery, negligence, New York State constitutional violations, and deprivation of constitutional rights under 42 U.S.C. § 1983. (Compl. at 6-9.)

[3] Defendants' application to extend this deadline to April 4, 2008, was subsequently granted. (See Letter of James Mirro and Memo Endorsement of the Honorable James C. Francis IV, dated March 31, 2008.)

[4] *Schiller/Dinler, et. al. v. City of New York*, No. 04 Civ. 7922 (JCF), 2008 WL 4525341 (S.D.N.Y. Oct. 9, 2008).

## II. DISCUSSION

### A. Legal Standard

Rule 72(a) and the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide that a district court may designate a magistrate judge to hear and decide non-dispositive pretrial matters. The district court shall reverse a magistrate judge's order only where the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). As a "non-dispositive matter," a pretrial discovery ruling is reviewed under this highly deferential standard. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *See Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal citation and quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442 (SHS) (AJP), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal citation and quotation marks omitted).

A magistrate judge's orders on discovery matters are entitled to considerable deference. *U2 Home Entm't, Inc. v. Hong Wei Int'l. Trading Inc.*, No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007). "Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion." *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988); *accord Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002). Moreover, the Second Circuit has recognized "the importance we place on a party's compliance with discovery orders. Such compliance is necessary to the integrity of our judicial process. A party who flouts such orders does so at his peril." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 68, 73 (2d Cir. 1988); *accord Lyondell-Citgo Ref., LP v. Petroleos De Venezuela, S.A.*, No. 02 Civ. 0795 (CBM), 2005 WL 551092, at *2 (S.D.N.Y. Mar. 9, 2005).

### B. Analysis

Having carefully reviewed the record in this matter, the Court finds that Magistrate Judge Francis' preclusion order was wholly justified and not contrary to law. Specifically, Defendants have not demonstrated that they attempted to comply with the discovery schedule set by Magistrate Judge Francis nor did they make "reasonable efforts to identify police personnel on the scene."[5] (February 25 Order.) Trent, Donahue, and Giacco were all depicted in the videotapes of the incident (Beck Decl., Ex. 2 at 2), which were provided to Defendants on November 15, 2006. (Spiegel Letter at 3.) Defendants, however, did not notice Palumbo until January 22, 2008.[6] (Beck Decl., Ex. 2 at 2.) Although Defendants argue that only Palumbo could have identified the undercover officers because he "sees them regularly and is a first-rate private [investigator]," the Court finds that Defendants have not sufficiently articulated why Palumbo was the only deposed witness suited for this task. (*Id.* at 7.)

---

[5] By the time of the February 25 Order, Defendants had deposed eight police witnesses. (*See* Spiegel Letter at 2.)

[6] Defendants used a John Doe Notice for an unidentified civilian now known to be Palumbo on January 22, 2008. (Beck Decl., Ex. 2 at 2.)

Defendants make much of the fact that Magistrate Judge Francis relied "substantially" on "the reasons set forth" in a separate order dated October 9, 2008 (the "October 9 Order") issued in connection with a discovery dispute in another RNC case. In that order, Magistrate Judge Francis precluded eighty-four newly identified defense witnesses from testifying because the defendants had failed to supplement their mandatory disclosures, thereby violating Rule 26(a) and triggering the sanction of preclusion under Rule 37(c) of the Federal Rules of Civil Procedure.[7] (*See* October 9 Order at 8-18.) Defendants assert that because the October 9 Order was not docketed in the present action, Magistrate Judge Francis erred by precluding the testimony of Trent, Donahue, and Giacco in this case. (*See* Defs.' Mem. at 8-11.)

The Court disagrees. Magistrate Judge Francis' reference to the October 9 Order was by no means inappropriate given the posture of these and dozens of other RNC cases that have been consolidated for discovery. In each case, the City defendants have been represented by the City Law Department, thereby supporting an inference that Defendants were wholly familiar with the October 9 Order. Given these facts, it was not clearly erroneous or contrary to law for Magistrate Judge Francis to make reference to a prior order involving the issue of preclusion following discovery violations.

---

[7] Rule 26(a) provides that supplemental disclosures must be made "in a timely manner" when a "party learns that in some material respect the [information] is incomplete or incorrect, and . . . has not been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(a). Accordingly, Rule 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or Rule 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c).

The Court is likewise unpersuaded by Defendants' contention that the failure of the February 25 Order to specifically articulate an analysis pursuant to *Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955 (2d Cir. 1996), renders the ruling "contrary to law." *Id.* at 961-63. Notwithstanding Defendants' assertions in this and other RNC cases involving objections to discovery rulings, judges are not required to encant particular language when issuing rulings on non-dispositive discovery issues. Put another way, defendants are not entitled to a lengthy opinion including a discussion distinguishing each and every case cited in their brief. The suggestion that failure to do so constitutes "clear error" is wholly unwarranted. Here, Magistrate Judge Francis stated that preclusion was "substantially for the reasons set forth" in the October 9 Order. The clear implication is that he applied the same *Softel* analysis in the present action as he did in the October 9 Order.

In any event, even if the Court were to conduct a *Softel* analysis, the Court would find that the preclusion of the witness testimony was not clearly erroneous or contrary to law. Under *Softel*, a court is to consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *Id.* at 961. With respect to the first prong of the analysis — the party's explanation for the failure to comply with the discovery order — Defendants insist that they only became aware of the witnesses' identities after Palumbo's deposition. Defendants, however, have not sufficiently explained why only Palumbo could have

identified the men. The fact that Palumbo "regularly" saw the three witnesses and is a "first-rate private [investigator]" is largely irrelevant and does not establish that he alone was in a position to recognize them. (*See* Beck Decl., Ex. 2 at 7.) More to the point, Defendants have offered no satisfactory explanation for why the NYPD should not have known where its officers were deployed on a given day. The fact that Plaintiffs provided Defendants with videotapes in November 2006, which included footage of the officers, further underscores Defendants' failure in this case. Clearly, Defendants had sufficient time to review the tapes and identify relevant police witnesses before Palumbo's deposition in January 2009.

Under the second prong of the *Softel* analysis, Defendants have not demonstrated the importance of the witnesses' testimony. *Softel*, 118 F.3d at 962. The fact that the witnesses may have been eyewitnesses and their testimony corroborative of Defendants' claim does not by itself render their testimony critical, given that Defendants had already deposed and noticed numerous other witnesses prior to their identification. Thus, on the record before it, the Court is unable to assess the relative importance of the witnesses' testimony.

Admittedly, the third and fourth *Softel* factors — prejudice suffered by Plaintiffs as a result of the delay, and the possibility of a continuance — weigh less heavily than the first two prongs discussed above. This action poses a less onerous burden of preparation for Plaintiffs than was the case in *Schiller/Dinler*, which involved eighty-four witnesses and a closed discovery order. Nevertheless, the fact that discovery is ongoing does not obviate the need for parties to comply with court-imposed

deadlines.[8] This is particularly true here, where discovery has been consolidated and coordinated with dozens of other RNC cases over a period of years. In light of the unique discovery posture in these actions, it cannot be doubted that Defendants' casual approach to discovery could have significant and far-reaching implications for this and other RNC cases referred to Magistrate Judge Francis. As the Second Circuit has noted, parties who flout court orders do so at their peril. *Update Art, Inc.*, 843 F.2d at 73.

Accordingly, the Court finds that Magistrate Judge Francis did not abuse his discretion in precluding the testimony of Trent, Donahue, and Giacco.

## CONCLUSION

For the reasons set forth above, the Court finds that the February 25 Order was not clearly erroneous or contrary to law. Accordingly, the Court rejects Defendants' objections and affirms the February 25 Order.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: October 27, 2009
New York, New York

---

[8] Defendants make the unavailing argument that the discovery deadlines do not concern Trent, Donahue, and Giacco because they are party witnesses whom Defendants do not intend to depose prior to trial. However, permitting Defendants to call trial witnesses in this way — in utter contravention of the comprehensive discovery and deposition schedule set by Magistrate Judge Francis in 2007 — would undermine the goal of fair and orderly pre-trial administration in this case.

5

Copies mailed this date:

Michael L. Spiegel, Esq.
111 Broadway, Suite 1305
New York, New York 10006

Michael A. Cardozo, Esq.
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

Curt P. Beck, Esq.
Special Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street
New York, New York 10007